1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
STEPHEN E. ABRAHAM, SB# 172054
2   E-Mail: Stephen.Abraham@lewisbrisbois.com
650 Town Center Drive, Suite 1400
3  Los Angeles, California 90071
Telephone: 714.668.5562
4  Facsimile: 714.850.1030

5  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
MELISSA T. DAUGHERTY, SB# 227451
6   E-Mail: Melissa.Daugherty@lewisbrisbois.com
633 West 5th Street, Suite 4000
7  Los Angeles, California 90071
Telephone: 213.250.1800
8  Facsimile: 213.250.7900

9  Attorneys for Defendant Norcal Hospitality Inc.

10                UNITED STATES DISTRICT COURT
11                CENTRAL DISTRICT OF CALIFORNIA

12

| 13 | | Case No. 2:20-cv-05632-DMG-RAO |
| 14 | ANTHONY BOUYER, an Individual | **POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NORCAL HOSPITALITY INC.'S MOTION TO DISMISS FEDERAL CLAIM PURSUANT TO FRCP 12(b)(1)** |
| 15 | Plaintiff, | |
| 16 | v. | |
| 17 | NORCAL HOSPITALITY INC., a California corporation; and DOES 1-10, inclusive, | |
| 18 | | |
| 19 | *Defendants*. | Honorable Dolly M. Gee |
| 20 | | Date: Friday, September 18, 2020 |
| | | Time: 9:30 a.m. |

21

22        **To Plaintiff and his attorneys of record:**

23        Defendant Norcal Hospitality Inc. ("**Norcal**" or "**Defendant**") herewith

24  submits its points and authorities in support of its motion to dismiss Plaintiff's fed-

25  eral claim pursuant to Federal Rule of Civil Procedure ("**FRCP**") 12(b)(1) on the

26  grounds that the Court lacks subject matter jurisdiction.

27

28

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

1

**TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY.................................................................1

II. RELEVANT FACTS....................................................................................1

    1.    Summary of Proceedings and Claims........................................ 1

        A.    Summary of Proceedings............................................ 1

        B.    Summary of Claims .................................................2

    2.    Portions of the Property Targeted by the Complaint Comply with ADA Requirements.................................................2

III. LEGAL FRAMEWORK FOR THIS MOTION TO DISMISS............................................................................................3

    1.    Motion to Dismiss Under 12(b)(1) .........................................3

        A.    Motion to Dismiss for Lack of Federal Jurisdiction...................3

        B.    Motion to Dismiss for Lack of Standing ...................5

IV. DISCUSSION ........................................................................................5

    1.    Plaintiff Has Not Sufficiently Pled the Basis for Invoking Article III Jurisdiction of this Court ......................................5

    2.    The Federal ADA Claim is Moot and Cannot Serve as a Basis for Federal Jurisdiction.................................................6

        A.    Federal Courts Only Hear Actual Cases or Controversies .........................................................7

        B.    There is no Longer any Basis for Relief under the ADA.....................................................................8

V. CONCLUSION ........................................................................................10

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

i
POINTS AND AUTHORITIES IN SUPPORT OF NORCAL'S MOTION TO DISMISS

1

## TABLE OF AUTHORITIES

2

### FEDERAL CASES

3   *B.C. by and through Powers v. Plumas Unified School*
4       *District,*
        192 F.3d 1260, 1264 (9th Cir. 1999)........................................................4, 7

5   *Chandler v. State Farm Mut. Auto Ins. Co.,*
        598 F.3d 1115 (9th Cir. 2010).....................................................................5
6

7   *Chapman v. Pier 1 Imports (U.S.) Inc.,*
        631 F.3d 939 (9th Cir. 2011).................................................................5, 9

8   *City of Los Angeles v. Lyons,*
        461 U.S. 95 (1983)...............................................................................8, 9
9

10  *County of Los Angeles v. Davis,*
        44 U.S. 625 (1979).....................................................................................7

11  *Dufresne v. Veneman,*
        114 F.3d 952 (9th Cir. 1997).......................................................................9
12

13  *Flast v. Cohen,*
        392 U.S. 83 (1968)......................................................................................7

14  *Grupo Dataflux v. Atlas Global Group, L.P.,*
        541 U.S. 567 (2004)....................................................................................3
15

16  *Independent Living Resources v. Oregon Arena Corp.,*
        982 F.Supp. 698 (1997)...............................................................................9

17  *Kokkonen v. Guardian Life Ins. Co. of Am.,*
        114 S. Ct. 1673 (1994)................................................................................3
18

19  *Lewis v. Continental Bank Corp.,*
        494 U.S. 472 (1990)....................................................................................7

20  *Lujan v. Defenders of Wildlife,*
        504 U.S. 555 (1992)............................................................................3, 5, 7
21

22  *Mangual v. Rotger-Sabat,*
        317 F.3d 45 (1st Cir. 2003).........................................................................7

23  *Maya v. Centex Corp.,*
        658 F.3d 1060 (9th Cir. 2011).....................................................................4
24

25  *Moreno v. G&M Oil Co.,*
        88 F.Supp.2d 1116 (C.D. Cal. 2000)...........................................................9

26  *O'Shea v. Littleton,*
        414 U.S. 488 (1974)....................................................................................8
27

28

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

POINTS AND AUTHORITIES IN SUPPORT OF NORCAL'S MOTION TO DISMISS

*Pickern v. Best Western Cove Lodge Marina Resort*,
    194 F.Supp.2d 1128 (E.D. Cal. 2002)...........................................................................9

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004).....................................................................................4

*Savage v. Glendale Union High Sch.*,
    343 F.3d 1036 (9th Cir. 2003).....................................................................................5

*St. Clair v. City of Chico*,
    880 F.2d 199 (9th Cir. 1989).......................................................................................4

*Steir v. Girl Scouts of the USA*,
    383 F.3d 7 (1st Cir. 2004) ..........................................................................................7

*Stock West, Inc. v. Confederated Tribes*,
    873 F.2d 1221 (9th Cir. 1989).....................................................................................3

*Thornhill Publishing Co. v. General Tel & Elect.*,
    594 F.2d 730 (9th Cir. 1979).......................................................................................4

*Wander v. Kaus*,
    304 F.3d 856 (9th Cir. 2002).......................................................................................8

**FEDERAL STATUTES**

42 U.S.C. § 12188..........................................................................................................8

**FEDERAL RULES**

FED.R.CIV.P. 12 .........................................................................................................3, 4

**OTHER FEDERAL AUTHORITIES**

California Practice Guide, Federal Civil Procedure
    Before Trial, §9:77.10 ................................................................................................4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# I.

# INTRODUCTION AND SUMMARY

On June 24, 2020, Plaintiff Anthony Bouyer ("**Bouyer**" or "**Plaintiff**"), through his attorneys of record, filed his complaint alleging violations of the Americans with Disabilities Act ("**ADA**") and related state claims. The claims were based on one single alleged architectural "barrier" – built up ramp in the access aisle. On August 14, 2020, the ramp was removed from the access aisle. In fact, the entire parking area was reconstructed. On the basis of the foregoing, there is no longer a barrier forming the basis of a dispute under federal law.

# II.

# RELEVANT FACTS

## 1.   SUMMARY OF PROCEEDINGS AND CLAIMS

### A.   Summary of Proceedings

On June 24, 2020, Plaintiff filed his complaint alleging violations of the ADA and related state claims. The claims were based on one single alleged architectural "barrier" – ramp in the access aisle.

> 12. At that time, instead of having architectural barrier free facilities for patrons with disabilities, Defendants have: a built up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5). Furthermore, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1)

(Doc. 1 (complaint) at ¶12). In terms of describing how the condition affected his ability to patronize the business at the targeted property, Plaintiff's allegations were generically stated as follows:

> 16. Plaintiff personally encountered these barriers. The presence of these barriers related to Plaintiff's disability denies Plaintiff his right to enjoy accessible conditions at public place of accommodation and invades legally cognizable interests created under the ADA.
> …

> 21. As a result of his difficulty experienced because of the inaccessible condition of the facilities of the Business, Plaintiff was denied full and equal access to the Business and Property.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

1   (Doc. 1 at ¶¶16, 21).

2         Nowhere in Plaintiff's complaint did he describe *how* the ramp amounted to

3   a barrier to *his* access.

4         **B.      Summary of Claims**

5         Plaintiff alleged on the basis of the claimed barrier a right to injunctive relief

6   under the Americans with Disabilities Act and damages under state law.[1]

7   **2.      PORTIONS OF THE PROPERTY TARGETED BY THE COMPLAINT COMPLY**

8            **WITH ADA REQUIREMENTS**

9         The complaint targets one specific location of the property – the access aisle

10  adjacent to the van accessible parking space in the parking lot.

11        Defendant retained the services of a contractor to reconstruct the accessible

12  features of the parking lot. The work was completed on August 14, 2020. (Lobnow

13  Decl., ¶5). On that same day, a CASp inspection was performed (Lobnow Decl.,

14  ¶¶4), confirming in a report on that same date that the features of the parking lot

15  complied with the ADA standards. (Lobnow Decl., ¶¶6-12; Exh. 1)

16        During Lobnow's inspection, he observed that the accessible parking spaces

17  and access aisles had been reconstructed and restriped and the ramp in the access

18  aisle eliminated. (Lobnow Decl., ¶¶5, 10) Lobnow measured the accessible spaces

19  and access aisles (Lobnow Decl., ¶¶7-8), observed the striping and marking, and

20  found the spaces and aisles to be level with no change in level, meeting the re-

21  quirements of 2010 Americans with Disability Standards ("ADAS") Section 502.4.

22  (Lobnow Decl., ¶¶ 9)

23        The ramp previously located in the access aisle had been removed and a

24  compliant access ramp installed, in compliance with 2010 ADAS Section 406.5.

25  (Lobnow Decl., ¶10) Lobnow measured the ramp and determined that it was com-

26  pliant, having a running slope no greater than 8.3% in the direction of travel and

27  _____

[1] On July 15, 2020, this Court declined to exercise supplemental jurisdiction over

28  Plaintiff's state law claim.

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

POINTS AND AUTHORITIES IN SUPPORT OF NORCAL'S MOTION TO DISMISS

1   perpendicular (cross-slope) no greater than 2.0%, meeting the requirements of

2   2010 ADAS Sections 405.2, 405.3, and 406.1. (Lobnow Decl., ¶11)

3        On the basis of the foregoing, Lobnow conclude that the non-compliant

4   conditions relating to the accessible parking spaces, adjacent access aisle, and curb

5   ramp do not exist and the accessible features are compliant with the stated federal

6   requirements. (Lobnow Decl., ¶12)

7        The foregoing facts address all of grounds for Plaintiff's federal claim.

8   There are no other noncompliant conditions alleged by Plaintiff in his Complaint.

9   Based on the foregoing, Plaintiff's claims are moot.

10   **III.**

11   **LEGAL FRAMEWORK FOR THIS MOTION TO DISMISS**

12   **1.**     **MOTION TO DISMISS UNDER 12(B)(1)**

13        **A.**     **Motion to Dismiss for Lack of Federal Jurisdiction**

14        Under Rule 12 of the Federal Rules of Civil Procedure, a party may move to

15   dismiss a claim based on the court's lack of subject matter jurisdiction. See

16   FED.R.CIV.P. 12(b)(1); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567

17   (2004). Because plaintiff bears the burden of establishing subject matter jurisdic-

18   tion (see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1675 (1994),

19   no presumption of truthfulness attaches to the allegations of plaintiff's complaint

20   and the Court must presume it lacks jurisdiction until plaintiff establishes jurisdic-

21   tion. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

22   "A federal court is presumed to lack jurisdiction in a particular case unless the con-

23   trary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d

24   1221, 1225 (9th Cir. 1989) (citation omitted). "Article III of the Constitution con-

25   fines the federal courts to adjudication of actual 'Cases' and 'Controversies.'"

26   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590 (1992). "[T]he core component

27   of standing is an essential and unchanging part of the case-or-controversy require-

28   ment of Article III." *Id.* at 560 (citation omitted). Consequently, a case that lacks

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

1  Article III standing must be dismissed for lack of subject matter jurisdiction. See
2  *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Even at the initial
3  pleading stage, plaintiffs bear the burden of establishing the court's subject matter
4  jurisdiction. CALIFORNIA PRACTICE GUIDE, FEDERAL CIVIL PROCEDURE BEFORE
5  TRIAL, §9:77.10. The Ninth Circuit has held: "federal courts are required, sua
6  sponte, to examine jurisdictional issues." *B.C. by and through Powers v. Plumas*
7  *Unified School District*, 192 F.3d 1260, 1264 (9th Cir. 1999).
8      "A motion to dismiss for lack of subject matter jurisdiction may either attack
9  the allegations of the complaint or may be made as a 'speaking motion' attacking
10  the existence of subject matter jurisdiction in fact." *Thornhill Publishing Co. v.*
11  *General Tel & Elect.*, 594 F.2d 730, 733 (9th Cir. 1979); see also FED.R.CIV.P.
12  12(b)(1). "Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the
13  substance of a complaint's jurisdictional allegations despite their formal sufficien-
14  cy, and in doing so rely on affidavits or any other evidence properly before the
15  court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (emphasis add-
16  ed). Thus, the existence of disputed material facts will not preclude the trial court
17  from evaluating for itself the merits of jurisdictional claims. *Id.*
18      Defendant's motion presents both a facial and factual challenge to subject
19  matter jurisdiction. In a factual attack, the challenger provides evidence that an al-
20  leged fact in the complaint is false, thereby resulting in a lack of subject matter ju-
21  risdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).
22  Therefore, under a factual attack, the allegations in the complaint are not presumed
23  to be true and "the district court is not restricted to the face of the pleadings, but
24  may review any evidence, such as affidavits and testimony, to resolve factual dis-
25  putes concerning the existence of jurisdiction." *McCarthy v. United States*, 850
26  F.2d 558, 560 (9th Cir. 1988). *Thornhill*, 594 F.2d at 733.
27      "Once the moving party has converted the motion to dismiss into a factual
28  motion by presenting affidavits or other evidence properly brought before the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4

court, the party opposing the motion must furnish affidavits or other evidence nec-
essary to satisfy its burden of establishing subject matter jurisdiction." *Savage v.
Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003).

**B.   Motion to Dismiss for Lack of Standing**

Because standing is essential for a federal court to have subject matter juris-
diction, the issue of standing is properly raised in a 12(b)(1) motion to dismiss.
*Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010)
(citations omitted).

In order to establish and _maintain_ standing to bring suit, a plaintiff bears the
burden of showing: (1) injury-in-fact, or the invasion of a legally protected interest,
that is both (a) concrete and particularized and (b) actual or imminent; (2) causal
connection between the injury and the conduct complaint of; and (3) _likelihood_
_that a favorable decision will redress the wrong_. *Lujan*, supra, 504 U.S. at 560. It
is a plaintiff's burden to "establish[] that he has standing to pursue his claims."
*Lujan*, 504 U.S. at 561.

**IV.**

**DISCUSSION**

1.   **PLAINTIFF HAS NOT SUFFICIENTLY PLED THE BASIS FOR INVOKING**
     **ARTICLE III JURISDICTION OF THIS COURT**

In the Ninth Circuit, a plaintiff bringing an ADA claim must allege what
barriers were encountered and "how [his or her] disability was affected . . . so as to
deny [him or her] the 'full and equal' access that would satisfy the injury-in-fact
requirement (i.e., that [he or she] personally suffered discrimination under the
ADA on account of [his or her] disability)." *Chapman v. Pier 1 Imports (U.S.) Inc.*,
631 F.3d 939, 954 (9th Cir. 2011).  A mere list of alleged violations "cannot substi-
tute for the factual allegations required in the complaint to satisfy Article III's re-
quirement of an injury-in-fact" when there is no "attempt to relate the alleged vio-
lations to [the] disability" at issue. *Id.* at 955. As the *Chapman* court explained:

POINTS AND AUTHORITIES IN SUPPORT OF NORCAL'S MOTION TO DISMISS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8

> While we are mindful of the generous pleading standards that apply to civil rights plaintiffs, "a liberal interpretation of a . . . civil rights complaint may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). Chapman's complaint fails to sufficiently allege the essential elements of Article III standing. Although Chapman alleges that he is "physically disabled," and that he "visited the Store" and "encountered architectural barriers that denied him full and equal access," he never alleges what those barriers were and how his disability was affected by them so as to deny him the "full and equal" access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).

9   *Chapman, supra*, 631 F.3d at 954. See also *Langer v. Badger Co., LLC*, 2020 U.S.

10   Dist. LEXIS 26545, *5 (S.D. Cal. Feb. 14, 2020) ("Like the original complaint, the

11   FAC points to technical ADA violations, but fails to allege facts showing that they

12   were actual barriers for him. ¶ While insisting on specific factual allegations might

13   seem unnecessary, binding precedent makes clear that a plaintiff must plead facts

14   necessary to standing; courts cannot guess at them.") *Accord*, *Brooke v. Grand Hy-*

15   *att SF LLC*, 2020 U.S. Dist. LEXIS 76584, *2 (N.D. Cal. April 30, 2020); *Strojnik*

16   *v. San Diego Farah Partners, L.P.*, 2020 U.S. Dist. LEXIS 36536, *1 (S.D. Cal.

17   March 2, 2020).

18          Here, Plaintiff's complaint alleges the presence of a curb ramp within the

19   access aisle adjacent to the accessible parking space. However, Plaintiff makes no

20   attempt to explain *how* the presence of the ramp in the access aisle affects his abil-

21   ity to park his vehicle, exit his vehicle, or navigate from the parking space to the

22   business at the targeted property.

23   **2.      THE FEDERAL ADA CLAIM IS MOOT AND CANNOT SERVE AS A BASIS FOR**

24   **FEDERAL JURISDICTION**

25          Even were Plaintiff to overcome the hurdle of adequately pleading the basis

26   for Article III standing, the action would still be subject to dismissal on the

27   grounds of mootness.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

6

### A.    Federal Courts Only Hear Actual Cases or Controversies

Under Article II of the United States Constitution, federal courts may only adjudicate actual cases or controversies, where true adversarial interests give rise to a clear and concrete conflict. *Flast v. Cohen*, 392 U.S. 83, 96-97 (1968).

This issue is one of standing and mootness. Standing, in the jurisdictional sense is based on the facts as they exist at the time the complaint is filed. *Mangual v. Rotger-Sabat*, 317 F.3d 45, 58 (1st Cir. 2003). However, a plaintiff's stake is not frozen at the moment the lawsuit is filed. As part of the actual case or controversy requirement, he must maintain a personal interest in the outcome throughout the litigation (15 MOORE'S FEDERAL PRACTICE § 102.32 (Matthew Bender 3rd ed.)), or the controversy becomes moot and nonjusticiable despite the court's retention of subject matter jurisdiction. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 18 (1st Cir. 2004); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (holding that parties must maintain a personal stake in the litigation throughout trial and appeal). Courts are required to examine *sua sponte* jurisdictional issues such as standing. See *BC by & Through Powers*, *supra*, 192 F.3d at 1264.

In order to establish and maintain standing to bring suit, a plaintiff bears the burden of showing: (1) injury-in-fact, or the invasion of a legally protected interest, that is both (a) concrete and particularized and (b) actual or imminent; (2) causal connection between the injury and the conduct complaint of; and (3) <u>likelihood that a favorable decision will redress the wrong</u>. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To demonstrate that a case is moot, the Defendants must show that the issues involved are no longer "live" or that the parties lack a legally cognizable interest in the outcome. *County of Los Angeles v. Davis*, 44 U.S. 625, 631 (1979). As discussed below, there is no "live" interest supporting retention of federal jurisdiction.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

7

POINTS AND AUTHORITIES IN SUPPORT OF NORCAL'S MOTION TO DISMISS

**B.**     **There is no Longer any Basis for Relief under the ADA**

**1.**     **There must be a _Continuing_ Right to Injunctive Relief**

Under the ADA, a plaintiff must establish standing sufficient to seek injunctive relief. See 42 U.S.C. § 12188(a) (stating that the available remedies are those set forth in section 2000a-3(a), that _only_ provides for injunctive relief to private parties). See also _Wander v. Kaus_, 304 F.3d 856, 858 (9th Cir. 2002). A plaintiff is only entitled to injunctive relief under the ADA if he is "_being_ subjected to discrimination on the basis of disability ... or ... has reasonable grounds for believing [he] is _about to be_ subjected to discrimination." _Id._ at (a)(1) (emphasis added). The relevant issues here are (1) whether Plaintiff has reasonable grounds for current deterrence, and (2) whether Plaintiff remains currently deterred, from returning to Defendant's premises.

Plaintiff's federal claim falls short for two reasons: (1) Plaintiff lacks "reasonable grounds" for being deterred from Defendant's property based on the conditions of the property because those prior conditions do not exist (if they indeed ever did); and (2) Plaintiff cannot show that he still intends to return to Defendant's property and is _currently_ deterred from doing so.

When a plaintiff seeks injunctive relief in anticipation of future injury, the Supreme Court has held that exposure to past illegal conduct does not give rise to an actual or imminent injury unless there are "_continuing, present adverse effects_" and a plaintiff shows that "_there is a real and immediate threat of repeated injury_." _City of Los Angeles v. Lyons_, 461 U.S. 95, 102 (1983) (emphasis added), quoting _O'Shea v. Littleton_, 414 U.S. 488, 495-6 (1974). In this case, Plaintiff's complaint alleges injury in the form of deterrence and seeks injunctive relief to remedy the same. Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects. _O'Shea_, 414 U.S. at 495-496.

The facts in support of this motion demonstrate that the cause of the injury is

POINTS AND AUTHORITIES IN SUPPORT OF NORCAL'S MOTION TO DISMISS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   gone and not likely to return or reoccur. The parking space and access aisle are

2   compliant. The accessible features have been reconstructed in concrete. The strip-

3   ing and signage is correct. Accordingly, there is no need for this court to issue any

4   injunctive relief – certainly not as relates to this Defendant – as there is no *reason-*

5   *able* possibility that Plaintiff will be the subject of discrimination as alleged.

6        **2.     Plaintiff Cannot Claim Deterrence Based on Nonexistent**
             **Conditions**
7
         The only relief available under the ADA is an injunction. *Chapman*, *supra*,

8   631 F.3d at 946. "[This] equitable remedy is unavailable absent a showing of irrep-

9   arable injury, a requirement that cannot be met where there is no showing of any

10  real or immediate threat that the plaintiff will be wronged again." *City of Los Ange-*

11  *les*, *supra*, 461 U.S. at 111; see also *Chapman*, 631 F.3d at 946 (to get relief under

12  ADA a plaintiff must demonstrate "a real and immediate threat of repeated injury

13  in the future").

14       Standing based on deterrence requires not only a showing of "discriminatory

15  conditions" but also that a "plaintiff is aware of [the conditions] and *remains de-*

16  *terred*." *Pickern*, 293 F.3d at 1137 (emphasis added); *see also Moreno v. G&M Oil*

17  *Co.*, 88 F.Supp.2d 1116 (C.D. Cal. 2000).

18       Once injunctive relief claims are resolved, the federal claims are moot. *In-*

19  *dependent Living Resources v. Oregon Arena Corp.*, 982 F.Supp. 698, 771 (1997);

20  *Dufresne v. Veneman*, 114 F.3d 952, 953-954 (9th Cir. 1997); *Pickern v. Best*

21  *Western Cove Lodge Marina Resort*, 194 F.Supp.2d 1128, 1130 (E.D. Cal. 2002).

22  There are no reasonable grounds for fear by Plaintiff that there are or will be any

23  barriers proscribed under the ADA – if there ever were.

24       There is no case or controversy here where the entirety of the claim assumes

25  that conditions that do not exist.

26       / / /

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

9

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# V.
## CONCLUSION

If this lawsuit is about removing barriers, they were removed.

For the foregoing reasons, Defendant respectfully submits that its motion to dismiss the federal claim should be GRANTED

Dated: August 14, 2020          LEWIS BRISBOIS BISGAARD & SMITH LLP


By:   /s/ Stephen E. Abraham
          Stephen E. Abraham
          Melissa T. Daugherty
          Attorneys for Defendant

POINTS AND AUTHORITIES IN SUPPORT OF NORCAL'S MOTION TO DISMISS